UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 16-11041 |
| COASTAL DEVELOPMENT GROUP, LLC | SECTION "B" |
| DEBTOR | CHAPTER 7 |

*EX PARTE* MOTION FOR EXAMINATION OF NOAH FLOM
PURSUANT TO RULE 2004

**NOW INTO COURT,** through undersigned counsel, comes Ronald J. Hof, in his capacity as chapter 7 trustee for the bankruptcy estate of Coastal Development Group, LLC, who respectfully moves this Court for an Order authorizing the Trustee to examine Noah Flom pursuant to Federal Rule of Bankruptcy Procedure 2004 as follows:

1.

**Jurisdiction and Venue**

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.

**Relief Requested**

The Trustee submits this motion (*"the Motion"*) pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure in order to examine Noah Flom (*"Flom"*) through his production of documents, electronically stored information and tangible things.

3.

## Background

On May 2, 2016 (the "*Petition Date*"), Coastal Development Group, LLC (the "*Debtor*") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "*Bankruptcy Code*"). Subsequently, Ronald J. Hof (the "*Trustee*") became the qualified and acting chapter 7 trustee.

4.

On the Petition Date, the Debtor filed its Schedules.[1] On the Debtor's Schedule D (Official Form 206D), it listed Flom as a secured creditor holding a first mortgage against the Debtor's "business lots" and owed $300,000 on such claim.[2]

5.

On May 31, 2016, the Trustee, through undersigned counsel, sent correspondence to Flom via certified mail return receipt requested at the addresses listed by the Debtor in its schedules, therein requesting that Flom provide the Trustee with the following documents no later than close of business Friday, June 10, 2016: any and all documentation evidencing the Debtor's purported debt to Flom, including, but not limited to, a copy of any underlying promissory notes, mortgages, appraisals conducted on the mortgaged propert(ies), and bank records and/or other documentation evidencing transmittal of $300,000 from Flom to the Debtor. Notably, undersigned received the return receipt back from the U.S. Postal System, which receipt was executed by Michael M. Blank as agent for Mr. Flom.

6.

When the June 10th deadline came and passed and the Trustee had not received any response from Flom, undersigned began investigating possible alternative addresses from Flom.

---

[1] P-1.
[2] *Id.*

On June 13, 2016, in a final effort to receive the requested documentation prior to involving the Court, the Trustee, through undersigned counsel, sent correspondence to Flom via certified mail return receipt requested at a possible alternative addresses located through a public records search, therein requesting that Flom provide the Trustee with the following documents no later than close of business Friday, June 17, 2016: any and all documentation evidencing the Debtor's purported debt to Flom, including, but not limited to, a copy of any underlying promissory notes, mortgages, appraisals conducted on the mortgaged propert(ies), and bank records and/or other documentation evidencing transmittal of $300,000 from Flom to the Debtor. However, undersigned has since received the Certified Mail back from the U.S. Postal System marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward."

## Basis for Relief

7.

Bankruptcy Rule 2004(b) allows the examination of an entity[3] relating to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."[4] It is well established that the scope of a Rule 2004 examination is exceptionally broad and provides few of the procedural safeguards found in Federal Rule of Civil Procedure 6.[5]

---

[3] The Bankruptcy Code defines the term "entity" to include a person. 11 U.S.C. § 101(15).

[4] Fed. R. Bankr. Pro. 2004(b).

[5] See Dynamic Fin. Corp. v. Kipperman (In re N. Plaza, LLC), 395 B.R. 113, 12 n.9 (S.D. Cal. 2008) (citing In re Rafsky, 300 B.R. 152, 153 n.2 (Bankr. D. Conn. 2003)); In re Apex Oil Co., 101 B.R. 92, 102 (Bankr. E.D. Mo. 1989) (Rule 2004 examination "may be exploratory and groping and may be as searching... as appears proper."). See also In re Hentz, 2012 Bankr. LEXIS 2772, *4 (Bankr. D.N.D. 2012) ("The scope of a Rule 2004 examination is broader than the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure."); In re Fearn, 96 B.R. 135, 137 (Bankr. S.D. Oh. 1989) ("It is well established that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted") (citation omitted); 9 Collier on Bankruptcy ¶ 2004.02[1] (16th ed. 2012) ("The scope of Rule 2004(b) is very broad.").

Examinations under Rule 2004 are allowed for the "purpose of discovering assets and unearthing frauds" and have been compared to a "fishing expedition."[6]

8.

In order to fully investigate the validity of the purported mortgage in favor of Flom, the Trustee deems it necessary to conduct a full examination of the documents underlying the transaction. Given that Flom is the recipient of such purported mortgage, the Trustee believes Flom holds valuable information in this regard and is in a position to aid the Trustee in most efficiently conducting an investigation into the mortgage and Flom's funding of same.

9.

The Trustee proposes that Flom produce the documents set forth in **Exhibit "A"** no later than 5:00 p.m. C.S.T. on July 20, 2016 at the law offices of Stewart, Robbins & Brown, LLC, 620 Florida Street, Suite 100, Baton Rouge, Louisiana 70801. Such production deadline provides Flom with ample time to collect and produce the requested documents.

10.

Pursuant to Local Rule 2004-1(A)(1), this motion is appropriately submitted *ex parte*.

11.

As required by Local Rule 2004-1(A)(2), undersigned counsel contacted Flom prior to filing the Motion in order to arrange a mutually satisfactory date, time, and place for the examination. More specifically, undersigned sent the correspondence attached hereto as **Exhibit "B"** via certified United States mail, return receipt requested, and regular United States mail on June 20, 2016 to both the address listed in the Debtor's schedules and the additional address located via a public records search. To date, eight days later, Flom has not responded.

---

[6] *Id.* (citing *Rafsky*, 300 B.R. at 153 n.2). *See also Air Line Pilots Assocs., Int'l v. Am. Nat'l Bank & Trust Co. of Chicago (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 432 (S.D.N.Y. 1993) (Rule 2004 discovery "is supposed to be a 'fishing expedition'") (citation omitted).

12.

The Trustee requests that the Order granting this motion (if any) stand as a subpoena, with the full force and effect of any subpoena issued pursuant to FED. R. CIV. P. 45(b) and FED. R. BANKR. P. 9016, compelling Flom's performance under the Order. Further, the Trustee requests that service of said order by certified United States mail, return receipt requested upon Flom at the following address, be deemed to satisfy the service requirements of FED. R. CIV. P. 45(b)(1) and FED. R. BANKR. P. 9016: Noah Flom; 1047 Ocean Avenue; Seal Beach, CA 90740.

**WHEREFORE**, the Trustee respectfully requests entry of an order granting the Rule 2004 request contained herein, and for other such relief just and necessary to enforce such an Order.

Respectfully Submitted,

**STEWART ROBBINS & BROWN, LLC**
620 Florida Street, Suite 100
P. O. Box 2348
Baton Rouge, LA 70821-2349
(225) 231-9998
(225) 709-9467 Fax

By: /s/ Brooke W. Altazan
Paul Douglas Stewart, Jr. (La. #24661)
dstewart@stewartrobbins.com
Brooke W. Altazan (La. #32796)
baltazan@stewartrobbins.com

*Counsel for Ronald J. Hof, Chapter 7 Trustee for the Bankruptcy Estate of Coastal Development Group, LLC*