# Stewart | Robbins | Brown
Attorneys at Law

Brooke W. Altazan
Member

baltazan@stewartrobbins.com

June 20, 2016

**VIA CERTIFIED U.S. MAIL AND REGULAR U.S. MAIL**
Mr. Noah Flom
1047 Ocean Avenue
Seal Beach, CA 90740
**(7014 2120 0001 7575 5438)**

Mr. Noah Flom
3019 Cadiz St.
New Orleans, LA 70125
**7014 2120 0001 7575 5421)**

Re:  *In re: Coastal Development Group, LLC*, Case Number 16-11041,
United States Bankruptcy Court for the Eastern District of Louisiana

Dear Mr. Flom:

As you know, on May 2, 2016 (the "Petition Date"), Coastal Development Group, LLC filed its chapter 7 voluntary bankruptcy petition with the United States Bankruptcy Court for the Eastern District of Louisiana. Ronald J. Hof was subsequently appointed to act as chapter 7 trustee for such bankruptcy estate. Please again be advised that we represent Mr. Hof in his capacity as chapter 7 trustee of such estate.

As stated in my correspondence to you dated May 31st and June 13th of this year, it is incumbent upon the Trustee to investigate the assets and liabilities of the CDG. As also explained in my previous correspondence, according to CDG's Schedules of Assets and Liabilities, as of the Petition Date, you hold a secured claim in the amount of $300,000 against CDG. More specifically, CDG sets forth in its Schedules that you hold a first mortgage against certain of CDG's "business lots" and are owed a balance of $300,000.

We have twice attempted to obtain pertinent documents underlying CDG's purported debt to you, but have yet to receive a response from you. As such, and in furtherance of the Trustee's duties, the Trustee deems it necessary to request certain documents from you pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. In connection therewith, we ask that you submit certain documents, more fully described in the Proposed Exhibit "A" enclosed herewith, before 5:00 on July 20, 2016.



STEWART ROBBINS & BROWN LLC
Attorneys at Law

Post Office Box 2348
Baton Rouge, LA 70821-2348

620 Florida Street, Suite 100
Baton Rouge, LA 70801-1741

Phone: (225) 231-9998
Facsimile (225) 709-9467

Mr. Noah Flom
June 20, 2016
Page 2

    I have enclosed with this correspondence the following pleadings to be filed with the Bankruptcy Court:

1) Proposed Ex Parte Motion for Examination Pursuant to Rule 2004;
2) Proposed Exhibit "A" – Requests for Production of Documents Pursuant to Rule 2004; and
3) Proposed Order.

    As required by the Local Rules, we hereby seek to make a reasonable effort to arrange a mutually satisfactory date, time, and place for the requested document production. Please, at your earliest convenience, contact me to confirm that the date provided above (and within the proposed pleadings) is convenient for you. If I do not hear back from you by close of business Monday, June 27th, I will file the motion indicating that you did not respond and seek a document return date of July 20, 2016 as outlined.

    I look forward to hearing from you no later than next Monday in this regard.

With warmest regards, I am

Very truly yours,

Brooke W. Altazan

4829-0208-4398, v. 1

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 16-11041 |
| COASTAL DEVELOPMENT GROUP, LLC | SECTION "B" |
| DEBTOR | CHAPTER 7 |

### *EX PARTE* MOTION FOR EXAMINATION OF NOAH FLOM PURSUANT TO RULE 2004

**NOW INTO COURT,** through undersigned counsel, comes Ronald J. Hof, in his capacity as chapter 7 trustee for the bankruptcy estate of Coastal Development Group, LLC, who respectfully moves this Court for an Order authorizing the Trustee to examine Noah Flom pursuant to Federal Rule of Bankruptcy Procedure 2004 as follows:

1.

#### Jurisdiction and Venue

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.

#### Relief Requested

The Trustee submits this motion ("*the Motion*") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure in order to examine Noah Flom ("*Flom*") through his production of documents, electronically stored information and tangible things.

3.

## Background

On May 2, 2016 (the "*Petition Date*"), Coastal Development Group, LLC (the "*Debtor*") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "*Bankruptcy Code*"). Subsequently, Ronald J. Hof (the "*Trustee*") became the qualified and acting chapter 7 trustee.

4.

On the Petition Date, the Debtor filed its Schedules.[1] On the Debtor's Schedule D (Official Form 206D), it listed Flom as a secured creditor holding a first mortgage against the Debtor's "business lots" and owed $300,000 on such claim.[2]

5.

On May 31, 2016, the Trustee, through undersigned counsel, sent correspondence to Flom via certified mail return receipt requested at the addresses listed by the Debtor in its schedules, therein requesting that Flom provide the Trustee with the following documents no later than close of business Friday, June 10, 2016: any and all documentation evidencing the Debtor's purported debt to Flom, including, but not limited to, a copy of any underlying promissory notes, mortgages, appraisals conducted on the mortgaged propert(ies), and bank records and/or other documentation evidencing transmittal of $300,000 from Flom to the Debtor. Notably, undersigned received the return receipt back from the U.S. Postal System, which receipt was executed by Michael M. Blank as agent for Mr. Flom.

6.

When the June 10th deadline came and passed and the Trustee had not received any response from Flom, undersigned began investigating possible alternative addresses from Flom.

---

[1] P-1.
[2] *Id.*

On June 13, 2016, in a final effort to receive the requested documentation prior to involving the Court, the Trustee, through undersigned counsel, sent correspondence to Flom via certified mail return receipt requested at a possible alternative addresses located through a public records search, therein requesting that Flom provide the Trustee with the following documents no later than close of business Friday, June 17, 2016: any and all documentation evidencing the Debtor's purported debt to Flom, including, but not limited to, a copy of any underlying promissory notes, mortgages, appraisals conducted on the mortgaged propert(ies), and bank records and/or other documentation evidencing transmittal of $300,000 from Flom to the Debtor. As of the date of the filing of this Motion, the Trustee has not received a response from Flom.

### Basis for Relief

7.

Bankruptcy Rule 2004(b) allows the examination of an entity[3] relating to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."[4] It is well established that the scope of a Rule 2004 examination is exceptionally broad and provides few of the procedural safeguards found in Federal Rule of Civil Procedure 6.[5] Examinations under Rule 2004 are allowed for the "purpose of discovering assets and unearthing frauds" and have been compared to a "fishing expedition."[6]

---

[3] The Bankruptcy Code defines the term "entity" to include a person. 11 U.S.C. § 101(15).

[4] Fed. R. Bankr. Pro. 2004(b).

[5] *See Dynamic Fin. Corp. v. Kipperman (In re N. Plaza, LLC)*, 395 B.R. 113, 12 n.9 (S.D. Cal. 2008) (citing *In re Rafsky*, 300 B.R. 152, 153 n.2 (Bankr. D. Conn. 2003)); *In re Apex Oil Co.*, 101 B.R. 92, 102 (Bankr. E.D. Mo. 1989) (Rule 2004 examination "may be exploratory and groping and may be as searching... as appears proper."). *See also In re Hentz*, 2012 Bankr. LEXIS 2772, *4 (Bankr. D.N.D. 2012) ("The scope of a Rule 2004 examination is broader than the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure."); *In re Fearn*, 96 B.R. 135, 137 (Bankr. S.D. Oh. 1989) ("It is well established that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted") (citation omitted); 9 Collier on Bankruptcy ¶ 2004.02[1] (16th ed. 2012) ("The scope of Rule 2004(b) is very broad.").

[6] *Id.* (citing *Rafsky*, 300 B.R. at 153 n.2). *See also Air Line Pilots Assocs., Int'l v. Am. Nat'l Bank & Trust Co. of Chicago (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 432 (S.D.N.Y. 1993) (Rule 2004 discovery "is supposed to be a 'fishing expedition'") (citation omitted).

8.

In order to fully investigate the validity of the purported mortgage in favor of Flom, the Trustee deems it necessary to conduct a full examination of the documents underlying the transaction. Given that Flom is the recipient of such purported mortgage, the Trustee believes Flom holds valuable information in this regard and is in a position to aid the Trustee in most efficiently conducting an investigation into the mortgage and Flom's funding of same.

12.

The Trustee proposes that Flom produce the documents set forth in **Exhibit "A"** no later than 5:00 p.m. C.S.T. on July 20, 2016 at the law offices of Stewart, Robbins & Brown, LLC, 620 Florida Street, Suite 100, Baton Rouge, Louisiana 70801. Such production deadline provides Flom with ample time to obtain and produce the requested documents.

13.

Pursuant to Local Rule 2004-1(A)(1), this motion is appropriately submitted *ex parte*.

14.

As required by Local Rule 2004-1(A)(2), undersigned counsel contacted Flom prior to filing the Motion in order to arrange a mutually satisfactory date, time, and place for the examination. To date, Flom has not responded.

15.

The Trustee requests that the Order granting this motion (if any) stand as a subpoena, with the full force and effect of any subpoena issued pursuant to FED. R. CIV. P. 45(b) and FED. R. BANKR. P. 9016, compelling Flom's performance under the Order. Further, the Trustee requests that service of said order by certified United States mail, return receipt requested upon Flom at the following address, be deemed to satisfy the service requirements of FED. R. CIV. P. 45(b)(1) and FED. R. BANKR. P. 9016: Noah Flom; 1047 Ocean Avenue; Seal Beach, CA 90740.

**WHEREFORE**, the Trustee respectfully requests entry of an order granting the Rule 2004 request contained herein, and for other such relief just and necessary to enforce such an Order.

Respectfully Submitted,

**STEWART ROBBINS & BROWN, LLC**
620 Florida Street, Suite 100
P. O. Box 2348
Baton Rouge, LA 70821-2349
(225) 231-9998
(225) 709-9467 Fax

By: /s/ Brooke W. Altazan
Paul Douglas Stewart, Jr. (La. #24661)
dstewart@stewartrobbins.com
Brooke W. Altazan (La. #32796)
baltazan@stewartrobbins.com

*Counsel for Ronald J. Hof, Chapter 7 Trustee for the Bankruptcy Estate of Coastal Development Group, LLC*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 16-11041 |
| COASTAL DEVELOPMENT GROUP, LLC | SECTION "B" |
| DEBTOR | CHAPTER 7 |

*EX PARTE* MOTION FOR EXAMINATION OF NOAH FLOM
PURSUANT TO RULE 2004

EXHIBIT "A"

(1) Any and all documents, including, but not limited to, bank records evidencing transmittal, related to funds you ("Noah Flom", "Flom", "you", "your") lent to Coastal Development Group, LLC ("CDG") and the repayment of which is secured by a mortgage on CDG's immovable property for which you were entitled to enforce as of May 2, 2016.
(2) Any and all documents, including, but not limited to, bank records evidencing transmittal, related to funds CDG remitted to you as payment in partial or full satisfaction of any mortgage and underlying promissory note for which you were entitled to enforce as of May 2, 2016.
(3) Any and all documentation evidencing CDG's purported debt to you, including, but not limited to, a copy of any underlying promissory notes, mortgages, and other security documents.

EASTERN DISTRICT OF LOUISIANA

IN RE:

COASTAL DEVELOPMENT GROUP, LLC

DEBTOR

CASE NO. 16-11041

SECTION "B"

CHAPTER 7

## ORDER GRANTING *EX PARTE* MOTION FOR EXAMINATION OF NOAH FLOM PURSUANT TO RULE 2004

**CONSIDERING** the *Ex Parte Motion for Examination of Noah Flom Pursuant to Rule 2004* [P-____] (the "Motion"), filed by Ronald J. Hof (the "Trustee"), in his capacity as chapter 7 trustee for the bankruptcy estate of Coastal Development Group, LLC (the "Debtor"), and the Court being satisfied based on the representations made in the Motion that the proposed examination under Rule 2004 is within the scope of Rule 2004, the required conferences have been conducted and due and proper notice of the Motion has been given,

**IT IS ORDERED** that, pursuant to Federal Rule of Bankruptcy Procedure 2004, Noah Flom ("Flom") shall produce all documents responsive to the requests contained on Exhibit "A" attached hereto, no later than 5:00 p.m. C.S.T. on July 20, 2016 at the law offices of Stewart, Robbins & Brown, LLC, 620 Florida Street, Suite 100, Baton Rouge, Louisiana 70801;

**IT IS FURTHER ORDERED** that this order shall stand as a subpoena, with the full force and effect of any subpoena issued pursuant to FED. R. CIV. P. 45(b) and FED. R. BANKR. P. 9016, compelling Flom's performance under the Order. Further, service of this Order by certified United States mail, return receipt requested upon Flom at the following address is sufficient to satisfy the service requirements of FED. R. CIV. P. 45(b)(1) and FED. R. BANKR. P. 9016: Noah Flom; 1047 Ocean Avenue; Seal Beach, CA 90740.